UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNE WARWICK,

    Plaintiff,                                           Case No. 22-11707

v.                                                        HON. MARK A. GOLDSMITH

CITY OF DETROIT et al.,

    Defendants.

_____/

**OPINION & ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN**
**THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 45), (2)**
**OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 49), AND (3) GRANTING**
**DEFENDANTS' MOTIONS TO DISMISS (Dkts. 17, 23, 25, 29, 32)**

This matter is before the Court on the Report & Recommendation (R&R) of Magistrate Judge Anthony Patti (Dkt. 49). In the R&R, the magistrate judge recommends that the Court grant five motions to dismiss filed by 12 defendants: (i) the motion to dismiss filed by Defendants City of Detroit, Mike Duggan, James White, Lawrence Garcia, Sydnee Rogers, and Shannon Walker (the City Defendants) (Dkt. 17); (ii) that filed by Defendants James Harris and Securitas Security Services (Dkt. 23); (iii) that filed by Defendant Jodi DeAngelo (Dkt. 25); (iv) that filed by Defendants Hines Real Estate Firm and Michael Kennedy (Dkt. 29); and (v) that filed by Defendant Nurse Ramel (Dkt. 32).[1] Plaintiff Joanne Warwick filed objections to portions of the R&R (Dkt. 49).

---

[1] Defendants Harris and Securitas Security Service and Defendants Hines Real Estate Firm and Kennedy filed motions to dismiss or, in the alternative, for a more definite statement. The magistrate judge recommended against ordering Warwick to file a more definite statement and, instead, recommended granting the motions to the extent they seek dismissal. R&R at 25.

For the reasons that follow, the Court overrules Warwick's objections and adopts the recommendation contained in the magistrate judge's R&R to grant the motions to dismiss.[2]

## I. BACKGROUND

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at 1–9. Warwick filed a handwritten, narrative complaint that contains meandering allegations, but the basis for this action is an alleged incident that occurred on July 24, 2019 when Warwick "peacefully entered the Coleman A. Young Municipal Center (CAYMC) to go to the Law Dep[artment] and file a FOIA request." Compl. at PageID.5 (Dkt. 1). She alleges that she was asked to leave the building because of a sign she was carrying, and when she refused to do so, she was "falsely arrested" and "maliciously," "[without] probable cause" and "[with] deliberative indifference pushed out of CAYMC." Id. at PageID.6. She alleges that she was transferred to the Detroit Detention Center, where she was assaulted. Id. Warwick also states that she was charged with disorderly conduct based on the events that occurred on July 24, 2019. Id. She named 20 defendants and three sets of Doe defendants. Id. at PageID.2–3, 8–11. The alleged bases for Warwick's claims against Defendants include 42 U.S.C. §§ 1981 and 1983; the First, Fourth, Fifth, and Eighth Amendments to the U.S. Constitution; and perhaps state-law claims for false arrest, assault, battery, and "false prosecution." Id. at PageID.4–6.

In the R&R, the magistrate judge first noted that Warwick was admitted to the State Bar of Michigan in November 1998 and is an active member, in good standing. Id. at 1–2. He also explained that she has previously filed three cases in this district court on her own behalf. Therefore, the magistrate judge stated, she is "not the typical pro se Plaintiff who appears before

---

[2] Because oral argument will not aid the Court's decisional process, the issues will be decided based on the parties' briefing and the R&R. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). Warwick responded only to the motion filed by Harris and Securitas Security Services (Dkt. 39).

this Court." Id. at 2.  Although Warwick is proceeding pro se, because she is a licensed attorney, "'[her] complaint is not entitled to the liberal construction generally afforded to the pleadings of pro se plaintiffs.'"  Id. at 24 (quoting Ponte v. Chase Bank USA, N.A., No. 12-13901, 2013 WL 5818560, at *4 (E.D. Mich. Oct. 29, 2013)).

The magistrate judge then addressed each of the motions to dismiss in turn.  In addressing the claims against the City Defendants, he found that, to the extent that Warwick's claims against Garcia, Rogers, and/or Walker are based on their initiation and/or pursuit of a July 24, 2019 disorderly conduct offense against Warwick, these Defendants are entitled to prosecutorial immunity.  R&R at 11–12.  He also found that Warwick's claims against Duggan, the mayor of Detroit, and White, the chief of the Detroit Police Department (DPD), are subject to dismissal for four reasons.  Id. at 12–15.  First, the allegations are too speculative and conclusory.  Id. 13–14 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Second, Duggan and White are entitled to absolute executive immunity as to any state-law tort claims.  Id. at 14.  Third, the claims against White are based on his alleged complicity in allowing the events of July 24, 2019 to occur, but White was not the police chief at the time of those events.  Id. at 15.  He was appointed police chief on June 1, 2021 and confirmed on September 21, 2021.  Id.  Fourth, the United States Court of Appeals for the Sixth Circuit has held that, for damages claims that arise from alleged violations of constitutional rights, a plaintiff "must allege the personal involvement of each defendant, at a minimum alleging facts showing that each defendant 'implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'"  Id. at 15 n.4 (quoting Grinter v. Knight, 532 F.3d 567, 575 (6th Cir. 2008)).  Warwick's claims against Duggan and White failed to meet that standard.  Id.  As to Defendant City of Detroit, the magistrate judge determined that Warwick failed to state a plausible claim for a custom, pattern, or practice resulting

3

in constitutional violations within the meaning of Monell v. Department of Social Services New York City, 436 U.S. 658 (1978). Id. at 16–17.

The magistrate judge then explained that the allegations against Defendants Harris, Securitas Security Services, DeAngelo, and Ramel were too speculative and conclusory to satisfy the requirements of Federal Rule of Civil Procedure 8. Id. at 17–22. And he found that the complaint was insufficient to provide notice to Defendants Hines Real Estate Firm and Kennedy of the claims made against them. Id. at 23.

The magistrate judge concluded by stating that Warwick's "'shotgun' approach of naming lots of people without detail as to why they are liable to her is unacceptable to the Court and creates needless expense and inefficiencies to all involved." Id. at 24. He noted that Warwick's two motions for leave to file an amended complaint were unsuccessful because she failed to follow the Court's requirements that she attach her proposed amended pleading to the motion. Id. And in the two-and-a-half months between when her last motion for leave to file an amended complaint was stricken and when the R&R was issued, Warwick did not attempt to file a corrected motion. Id. The magistrate judge determined that Warwick's original complaint, which is "broad and conjectural," does not give Defendants fair notice of the claims against them and the grounds upon which they rest and that "given the history thus far, including Plaintiff's inability or unwillingness to present a proposed amended pleading when she had the opportunity to do so, it is doubtful that that goal will be achieved—i.e., that the complaint's above-identified shortcomings will be cured—through either a more definite statement or by giving leave to amend." Id. at 25.

In addition to addressing Defendants' motions to dismiss, the magistrate judge explained that of the 20 identified defendants, seven defendants have not appeared. Id. at 2–3. Under Federal Rule of Civil Procedure 4, "[i]f a defendant is not served within 90 days after the complaint is

4

filed, the court—<u>on motion</u> or <u>on its own after notice to the plaintiff</u>—must dismiss the action <u>without prejudice</u> against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." <u>Id.</u> at 3 (quoting Fed. R. Civ. P. 4(m)) (emphasis in R&R). Ninety days from the filing of the complaint and from the issuance of the summons for the seven non-appearing Defendants had long passed. <u>Id.</u> Accordingly, the R&R states that "under separate cover, the Court will require Plaintiff to show cause as to why her claims against these seven defendants should not be dismissed for her failure to serve them in accordance with Rule 4(m)." <u>Id.</u> The day after issuing the R&R, the magistrate judge issued a separate order requiring Warwick to show cause why the seven non-appearing defendants should not be dismissed for Warwick's failure to comply with Rule 4(m) (Dkt. 46).

Warwick filed a single handwritten document that she states is both an opposition to the R&R and a response to the show cause order.

## II. ANALYSIS[3]

The Court reviews <u>de novo</u> any portion of the R&R to which a specific objection has been made. <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>Alspaugh v. McConnell</u>, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified). Absent a specific

---

[3] To survive a motion to dismiss, a plaintiff must allege "facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). The Court is required to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." <u>Directv, Inc. v. Treesh</u>, 487 F.3d 471, 476 (6th Cir. 2007). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. <u>Id.</u>

objection, the issue is waived. Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." Id. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995) (explaining that objections that "disputed the correctness of the magistrate's recommendation but failed to specify the findings that [the objector] believed were in error" were summary in nature and, therefore, invalid). Additionally, any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

Warwick does not object to the recommendation that the Court grant the motions to dismiss filed by Defendants DeAngelo, Ramel, Hines Real Estate Firm, and Kennedy. Obj. at PageID.2. However, she objects to the recommendation that the Court grant the motions to dismiss filed by the City Defendants and by Defendants Harris and Securitas Security Services. Id. at PageID.1.

Warwick's objections wander in different directions and do not identify specific issues with the magistrate judge's determinations. Instead, she offers background on the previous cases that she filed, presents information about her personal circumstances, and poses various questions about pro se litigants and the events on July 24, 2019 that give rise to this action. Obj. at PageID. 2–11. None of what Warwick presents as an objection provides a basis for disregarding the magistrate judge's recommendation.

Warwick does not label her objections. The document she filed, which she states is both an opposition to the R&R and a response to the magistrate judge's show cause order, does not identify which part represents objections to the R&R and which part responds to the show cause order. She

6

appears to group points of discussion into three categories. See Obj. at PageID.2–4 (containing the labels "A," "B," and "C"). First, she states that she is an attorney licensed in Michigan but that she is not regularly practicing. She then discusses two cases that she previously filed in this district. She makes complaints about the magistrate judge's conduct in those consolidated cases and explains why she did not respond to a motion for summary judgment and why she agreed to dismiss the cases. She also states that she finds it difficult to litigate during COVID. None of this information is relevant to the magistrate judge's determination that she has not stated a plausible claim in this case.

Apparently in response to the magistrate judge's statement that Warwick is "not the typical pro se Plaintiff who appears before this Court," R&R at 2, she also states that she "does not know what a typical pro se Plaintiff is who appears before the courts." Obj. at PageID.3. She then describes her personal health and makes allegations about treatment by police officers and unidentified others. The magistrate judge's statement simply noted that, as an attorney licensed in Michigan and an active member of the state bar in good standing, Warwick is different than the usual, non-attorney pro se plaintiff. And the magistrate judge's determination that, because Warwick is a licensed attorney, her complaint is not entitled to the liberal construction generally afforded to pro se plaintiffs is well-supported. See R&R at 24–25, 25 n.7 (citing Ponte, 2013 WL 5818560, at *4; Ross v. Bachand, No. 14-CV-14122, 2015 WL 4644912, at *2 (E.D. Mich. Aug. 5, 2015), Underhill v. Royer, No. 14-CV-14768, 2015 WL 2384052, at *2 n.3 (E.D. Mich. May 19, 2015), aff'd (6th Cir. May 12, 2016)).

Next, Warwick states that "thus far the handwritten complaint is the operative complaint" but that she has a "longer draft" in Google Docs. Obj. at PageID.4. Again, this assertion does not specifically object to a determination made by the magistrate judge. The issue before the

7

magistrate judge was whether the complaint set forth a plausible claim for relief. Warwick has not filed an amended complaint, despite being twice instructed to refile her motions for leave to file an amended complaint and attach the proposed amended complaint (Dkts. 34, 38). She last received this instruction on January 24, 2023, and she has not filed an amended complaint since then.

The document then seems to address the seven non-appearing defendants and, therefore, seems to be a response to the magistrate judge's show cause order. Regardless of what exactly the statements regarding these defendants represent, they do not relate to the recommendation on the motions to dismiss filed by appearing defendants.

The remainder of the document also does not identify any specific issue with the magistrate judge's determinations. Instead, Warwick offers generalized complaints about the City of Detroit, describes her health, and makes allegations against DPD officers. These do not represent valid objections. See Alspaugh, 643 F.3d at 166.

Therefore, the Court overrules Warwick's objections.

### III. CONCLUSION

For the reasons stated above, the Court overrules Warwick's objections (Dkt. 49), adopts the recommendation contained in the magistrate judge's R&R (Dkt. 45), and grants Defendants' motions to dismiss (Dkts. 17, 23, 25, 29, 32).

SO ORDERED.

Dated: July 25, 2023　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge